UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH D. MORELAND,<br><br>                Petitioner,<br><br>        v.<br><br>SANDRA ALFARO,<br><br>                Respondent. | No.  2:16-cv-2689 AC P<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

I.      Application to Proceed In Forma Pauperis

Petitioner has not filed an in forma pauperis affidavit or paid the required filing fee ($5.00).  See 28 U.S.C. §§ 1914(a); 1915(a).  However, the court will not assess a filing fee at this time.  Instead, the undersigned will recommend summary dismissal of the petition.

II.     Petition

In the instant petition, petitioner challenges his 1996 convictions for first degree murder and second degree robbery.  ECF No. 1 at 1.  He was sentenced to two life sentences without the possibility of parole.  Id.  He alleges that he is actually innocent and that there was insufficient evidence to support the convictions.  Id. at 5-9.

////

Under 28 U.S.C. § 2244(b)(3)(A), a second or successive application for habeas relief may not be filed in district court without prior authorization by the court of appeals. Felker v. Turpin, 518 U.S. 651, 657 (1996). Prior authorization is a jurisdictional requisite. Burton v. Stewart, 549 U.S. 147, 152-53 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (once district court has recognized a petition as second or successive pursuant to § 2244(b), it lacks jurisdiction to consider the merits). A petition is successive within the meaning of 28 U.S.C. § 2244(b) where it "seeks to add a new ground for relief" or "if it attacks the federal court's previous resolution of a claim *on the merits*." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (emphasis in original). "[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." Id. at 530. "A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits." McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008)).

The petition indicates (ECF No. 1 at 4, 12), and the court's records confirm, that petitioner has previously filed an application for a writ of habeas corpus attacking the conviction and sentence challenged in this case. The previous application was filed by the Clerk of the Court on January 6, 2015, and was denied as second or successive on February 29, 2016. Moreland v. Arnold ("Moreland II"), No. 2:15-cv-00286 KJM AC (E.D. Cal.), ECF Nos. 1, 25, 27. This court takes judicial notice of the record in that proceeding. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases.").

In denying the previous petition as second or successive, the court found that petitioner had previously challenged his conviction and sentence in Moreland v. Lamarque ("Moreland I"), No. C 01-1470 MJJ (N.D. Cal.). Moreland II., ECF No. 25 at 4-5. Review of Moreland I shows that the petition in that case challenged the same conviction and was denied as untimely on November 28, 2002. Moreland v. Lamarque, No. C 01-1470 MJJ, 2002 WL 31898209, at *1, 3-4, 2002 U.S. Dist. LEXIS 24814, at *2, 8-13 (N.D. Cal. Nov. 28, 2002). The Ninth Circuit has held "that the dismissal of a habeas petition as untimely constitutes a disposition on the merits and that a further petition challenging the same conviction would be 'second or successive' for

2

1 purposes of 28 U.S.C. § 2244(b)." McNabb, 576 F.3d at 1029.

2 The court in Moreland II further found that records indicated that the Ninth Circuit had
3 denied petitioner's request for leave to file a second or successive petition in 2007, Moreland v.
4 Hedgpeth, No. 07-72456 (9th Cir.), and that there was no indication that he had sought further
5 leave to file a second or successive petition.[1] Moreland II, ECF No. 25 at 4. The petition was
6 denied without prejudice and petitioner was explicitly advised that this court could not consider
7 his federal habeas petition unless and until he first received permission from the Ninth Circuit
8 Court of Appeals to file a second or successive petition. Id. at 5. In the instant petition, petitioner
9 states that his request for leave to file a second or successive petition was denied by the Ninth
10 Circuit. ECF No. 1 at 12; Moreland v. Santoro, No. 16-70380 (9th Cir.), ECF No. 2 (denying
11 leave to file second or successive petition).

12 Before petitioner can proceed on his claims, he must submit a request to the United States
13 Court of Appeals for the Ninth Circuit to issue an order authorizing the district court to consider
14 the application and that request must be granted. 28 U.S.C. § 2244(b)(3). Petitioner has not
15 provided any evidence that he has received the required authorization. The undersigned will
16 therefore recommend that this action be dismissed without prejudice to re-filing once petitioner
17 receives authorization to proceed from the Ninth Circuit.

18 Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a
19 United States District Judge to this action.

20 IT IS FURTHER RECOMMENDED that this action be dismissed without prejudice.

21 These findings and recommendations are submitted to the United States District Judge
22 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days
23 after being served with these findings and recommendations, petitioner may file written
24 objections with the court. The document should be captioned "Objections to Magistrate Judge's

---

[1] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

1  Findings and Recommendations." Petitioner is advised that failure to file objections within the
2  specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951
3  F.2d 1153 (9th Cir. 1991).
4  DATED: November 29, 2016

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE